(No. 37902.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LENNY BRUCE, Plaintiff in Error.

*Opinion filed November 24, 1964.*

SCHAEFER, J., concurring.

MAURICE ROSENFIELD and HARRY KALVEN, JR., and WILLIAM R. MING, JR., all of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE, WILLIAM J. MARTIN,

and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM: By an earlier opinion filed June 18, 1964, this court affirmed the judgment of the circuit court of Cook County entered upon a jury verdict finding the defendant herein guilty of giving an obscene performance violative of section 11—20 of the Criminal Code of 1961. (Ill. Rev. Stat. 1961, chap. 38,. par. 11—20.) On June 22, 1964, the Supreme Court of the United States decided *Jacobellis* v. *State of Ohio*, 378 U.S. 184, 12 L. ed. 2d 793, 84 S. Ct. 1676, in which a movie allegedly obscene was held not to be so. On July 7, 1964, the original opinion of this court was vacated, and reargument ordered in the light of *Jacobellis*.

The performance here consisted of a 55-minute monologue upon numerous socially controversial subjects interspersed with such unrelated topics as the meeting of a psychotic rapist and a nymphomaniac who have both escaped from their respective institutions, defendant's intimacies with three married women, and a supposed conversation with a gas station attendant in a rest room which concludes with the suggestion that the defendant and attendant both put on contraceptives and take a picture. The testimony was that defendant also made motions indicating masturbation and accompanied these with vulgar comments, and that persons leaving the audience were subjected to revolting questions and suggestions.

The entire performance was originally held by us to be characterized by its continual reference, by words and acts, to sexual intercourse or sexual organs in terms which ordinary adult individuals find thoroughly disgusting and revolting as well as patently offensive; that, as is evident from these brief summaries, it went beyond customary limits of candor, a fact which becomes even more apparent when the entire monologue is considered.

Our original opinion recognized defendant's right to satirize society's attitudes on contemporary social problems and to express his ideas, however bizarre, as long as the method used in doing so was not so objectionable as to render the entire performance obscene. Affirmance of the conviction was predicated upon the rule originally laid down in *American Civil Liberties Union* v. *City of Chicago,* 3 Ill.2d 334, that the obscene portions of the material must be balanced against its affirmative values to determine which predominates. We rejected defendant's argument that *Roth* v. *United States,* 354 U.S. 476, 77 S. Ct. 1304, 1 L. ed. 2d 1498, struck down this balancing test and held that material, no matter how objectionable the method of its presentation, was constitutionally privileged unless it was utterly without redeeming social importance. It is apparent from the opinions of a majority of the court in *Jacobellis* that the "balancing test" rule of *American Civil Liberties Union* is no longer a constitutionally acceptable method of determining whether material is obscene, and it is there made clear that material having *any* social importance is constitutionally protected.

While we would not have thought that constitutional guarantees necessitate the subjection of society to the gradual deterioration of its moral fabric which this type of presentation promotes, we must concede that some of the topics commented on by defendant are of social importance. Under *Jacobellis* the entire performance is thereby immunized, and we are constrained to hold that the judgment of the circuit court of Cook County must be reversed and defendant discharged.

*Judgment reversed.*

Mr. JUSTICE SCHAEFER, concurring:

The majority opinion seems to indicate that so long as any elements of a monologue have social value the entire speech is protected. I believe that this is too broad a formu-

lation of the result in the *Jacobellis* case. The fact that some fragments relate to matters of social importance does not, in my opinion, always immunize the whole. But the major portion of this performance, before an adult night club audience, related to social problems, and most of the objectionable passages were integral parts of the protected material. Therefore I concur.